IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT LEE WEATHERED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2409-K-BN |
| | § | |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Family Dollar Stores of Texas, LLC ("Family Dollar") has filed a Motion for Summary Judgment on Plaintiff Robert Lee Weathered's claim for premises liability. *See* Dkt. No. 45. Weathered filed a response, *see* Dkt. No. 52, and Family Dollar filed a reply, *see* Dkt, No. 54.

The undersigned heard oral argument November 15, 2023. *See* Dkt. No. 63.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant Defendant's motion for summary judgment [Dkt. No. 45].

**Background**

This case concerns an alleged slip-and-fall accident. *See* Dkt. No. 46 at 1. On May 24, 2021, Plaintiff Robert Lee Weathered entered a Family Dollar store located at 200 E. Camp Wisdom Rd. Dallas, Texas. *See* Dkt. No. 1 at 9. Weathered slipped and fell in a clear liquid while holding his young son and other objects. *See* Dkt. No.

46 at 3. Weathered contends that he injured his knee in the fall, requiring medical attention. *See* Dkt. No. 1 at 10. Weathered is seeking damages over $1,000,000 for medical expenses, physical pain and suffering, mental anguish, physical impairment, physical disfigurement, lost wages, loss of earning capacity, and costs of court. *See id.* at 11-12.

After the fall, Family Dollar employees attended to Weathered and notified Weathered's partner, Esmeralda Mendoza, who was waiting outside. *See* Dkt. No. 46 at 4. Mendoza recorded a video of Weathered after the incident and her conversation with the Family Dollar employees in Spanish. *See id.*

Weathered filed this case for premises liability against Family Dollar in Dallas County state court. *See* Dkt. No. 1 at 1. Family Dollar removed the case to federal court on the basis of diversity jurisdiction. *See id.*

Family Dollar did not sufficiently plead Weathered's citizenship in the original notice of removal. *See* Dkt. No. 61. But Family Dollar corrected this deficiency in the amended notice of removal, showing complete diversity as Family Dollar is a citizen of Virginia and Weathered is a citizen of Texas. *See* Dkt. No. 62 at 3-4.

Family Dollar now seeks summary judgment on Weathered's premises liability claim. *See* Dkt. No. 46.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is

material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (cleaned

up).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (cleaned up)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (cleaned up). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to

defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little,* 37 F.3d at 1075; *accord Pioneer Expl.,* 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (cleaned up)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (cleaned up).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (cleaned up). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion

for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (cleaned up).

And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (cleaned up). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (cleaned up).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (cleaned up).

## Analysis

### I.    Competency of the summary judgment evidence

Family Dollar objects to Weathered's Exhibit E as irrelevant and to Weathered's Exhibit F as hearsay and unauthenticated. *See* Dkt. No. 54 at 2.

Family Dollar also submitted an untranslated video of the aftermath of the incident. *See* Dkt. No. 46 at 2.

The undersigned will address each of exhibits in turn.

> a. The Court should not consider the video evidence because it is <u>untranslated.</u>

Family Dollar submitted a video taken by Weathered's partner, Esmeralda Mendoza, after the incident. The video is largely a conversation in Spanish between Mendoza and Family Dollar employees.

Family Dollar references the video in its facts and arguments, asserting that the video reveals that the "employees were unaware of the presence of the liquid prior to the incident, and unsure where the liquid came from." *Id.* at 4.

Weathered did not submit the video as an exhibit but referenced the video in his brief. *See* Dkt. No. 53 at 3.

A party cannot properly submit an exhibit to the Court in a foreign language without providing a translation, including as an exhibit to a motion for summary judgment. *See MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 369 (5th Cir. 2022) (not considering untranslated Spanish exhibits as competent summary judgment evidence because "[n]ormally the submission of foreign documents unaccompanied by English translations is error") (citing *United States v.*

*Valdivia*, 680 F.3d 33, 45 (1st Cir. 2012)). The party providing the evidence is responsible for providing a translation to the Court. *See Ureteknologia De Mexico S.A. De C.V. v. Uretek (USA), Inc.*, No. H-16-2762, 2018 WL 4680603, at \*10 (S.D. Tex. Sept. 28, 2018) (sustaining an objection to evidence offered on a motion for summary judgment on the basis it was untranslated and finding the burden to be on the party offering the evidence to provide a translation).

Courts have occasionally translated pleadings submitted in a foreign language *sua* sponte, but those situations are typically reserved for pro se litigants when justice so requires. *See Gonzales v. United States*, No. 3:17-cv-603-M-BN, 2017 WL 1231689, at \*1, \*3 (N.D. Tex. Apr. 4, 2017) (using Criminal Justice Act funds to translate a pro se prisoner's brief into English after reviewing the prisoner's financial affidavit and concluding translation served the interests of justice); *Ramirez v. Power Plus Pers.*, No. CIV.A. H-12-1589, 2013 WL 3980723, at \*1 (S.D. Tex. Aug. 2, 2013) (arranging for the translation of documents from a pro se plaintiff and the defendant company into English).

Family Dollar is not pro se, nor do the interests of justice require the Court to expend funds to translate an exhibit submitted by a company represented by counsel. And so the Court should not consider the video exhibit as competent summary judgment evidence.

>    b. The Court should consider Weathered's Exhibit F as competent <u>summary judgment evidence.</u>

Family Dollar objects to Weathered's Exhibit F as hearsay and unauthenticated evidence. Weathered's Exhibit F is an email sent to Weathered's

counsel from Rohin Sahota, a claims examiner for Sedgwick, the company that manages claims on behalf of Family Dollar. The email states that Sedgwick is "still investigating this claim as the water was coming from the roof" and so must determine if Family Dollar or the roofing company could be held liable for Weathered's injuries. Dkt. No. 53 at 51, Exhibit F.

The undersigned finds the email to be authentic. The United States Court of Appeals for the Fifth Circuit has held that, "[a]t the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form[,]" and the proper inquiry is whether the "evidence would likely be admissible at trial." *Maurer v. Indep. Town*, 870 F.3d 380, 383 (5th Cir. 2017); *see also Tompkins v. Amarillo Coll.*, No. 2:19-CV-27-Z-BR, 2021 WL 9880852, at *1 (N.D. Tex. Feb. 5, 2021) (overruling authentication objections to exhibits attached to a motion for summary judgment because "[p]laintiff has not asserted that any of these documents are not capable of being presented in a form that would be admissible at trial- only that they have not yet been authenticated (at the summary judgment stage)").

Family Dollar has not alleged that the statements within the email cannot be presented in an admissible form at trial. "'The most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial.'" *Bingham v. Jefferson County, Tex.*, No. 1:11-cv-48, 2013 WL 1312563, at *5 (E.D. Tex. March 1, 2013) (quoting *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293-94 (11th Cir. 2012)), *accepted as modified*, 2013 WL 1312014 (E.D. Tex. March 27, 2013).

Even so, the email is likely authenticated. While some courts have held an email unaccompanied by affidavit or other form of authentication to be unauthenticated, many courts look to the email itself to see if there is sufficient identifying information to authenticate it. *See Holmes v. N. Texas Health Care Laundry Coop. Ass'n*, 304 F. Supp. 3d 525, 535 n.5 (N.D. Tex. 2018) ("E-mails and other electronic records are authenticated under Federal Rule of Evidence 901(b)(4), under which evidence may be authenticated by its 'appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.' Fed. R. Evid. 901(b)(4)."); *cf. Allied Petroleum, Inc. v. Gradney*, No. 3:16-cv-1453-B, 2018 WL 2321897, at *2 (N.D. Tex. May 2, 2018) (sustaining an objection to the authenticity of emails submitted without an affidavit, sworn declaration, or other documentation attesting it "is a true copy of what it purports to be").

Courts have held emails are authenticated under Rule 901(b)(4) when they include "the sender's name, the recipient, the date, and the subject." *Corbin v. Sw. Airlines, Inc.*, No. CV H-17-2813, 2018 WL 4901155, at *8 (S.D. Tex. Oct. 9, 2018); FED. R. EVID. 901(b)(4). Because the email contains the sender's name, the recipient, the date, and the subject, the email is properly authenticated. *See* Dkt. No. 53-1 at 51, Exhibit F.

The email is also not hearsay.

Hearsay is a statement that "a party offers in evidence to prove the truth of

the matter asserted in the statement." FED. R. EVID. 801(c)(2). Unless covered within an exception, hearsay evidence is inadmissible. *See* FED. R. EVID. 802. The hearsay rule applies with equal force in the context of summary judgment evidence. *See Warfield v. Byron*, 436 F.3d 551, 559 (5th Cir. 2006) (noting that hearsay evidence is inadmissible for summary judgment purposes under Rule 56).

The email contains out of court statements asserted for the truth of matter asserted: that Sedgwick was investigating a roof leak as the source of the liquid. But the email is not hearsay because it contains statements "made by a party in an individual or representative capacity" or "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." FED. R. EVID. 801(d)(2)(A), (D).

While the undersigned has not located any cases directly defining the relationship between claims administrator and client as representative, Family Dollar has itself defined Sedgwick as a "representative of Defendant" in asserting Sedgwick's claim notes as privileged work product. Dkt. No. 15 at 4. Although the Court declined to consider the notes work product, it was not on the basis that Sedgwick did not represent Family Dollar. *See* Dkt. No. 28. Sedgwick sent the email to plaintiff's counsel on June 2, 2022, which was before Weathered filed his suit and during the period of investigation of the claim. *See* Dkt. No. 53-1 at 51, Exhibit F.

Weathered has submitted notes from Sedgwick from May 2021, July 2022, and October 2022, demonstrating that Sedgwick was still actively investigating the incident during June 2022. *See* Dkt. No. 53-1 at 36-47, Exhibit D. And the email is

about Sedgwick's investigation of the claim, which is on a matter within the scope of the relationship. *See* Dkt. No. 53-1 at 51. And so the email is non-hearsay under Federal Rule of Evidence 801(d)(2).

Because the email is authenticated and is not hearsay, the Court should consider it as competent summary judgment evidence.

### c. The Court should not address spoliation of evidence at this time.

Weathered argues that there is "clear spoliation of evidence of the video and photographs for this case." Dkt. No. 53 at 4. In his response to the motion for summary judgment, Weathered refers to Sedgwick's claim notes that reference video footage from the store and states he has not received the evidence. *See id.* at 6.

Family Dollar argues that Weathered's allegations are improper because he has not followed the procedures for bringing a motion for spoliation of evidence. *See* Dkt. No. 54 at 6-7.

Courts have considered spoliation of evidence claims on motions for summary judgment. *See Coastal Bridge Co., L.L.C. v. Heatec, Inc.,* 833 F. App'x 565, 572 (5th Cir. 2020) (stating the district court considered spoliation as a factor in granting a motion for summary judgment). To make a claim for spoliation of evidence under this line of authority, a party must prove "(1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith." *Id.* at 574.

Weathered has not shown these elements at this time. Not receiving the evidence, without more, is not enough to prove spoliation of evidence. The spoliating party must have "intentionally and in bad faith disposed of the evidence." *Id.* Weathered has not alleged that Family Dollar has destroyed the evidence in bad faith or intentionally.

And, even if Weathered could show spoliation of evidence, he has not made clear what remedy he is requesting of the Court. And so the Court should not consider spoliation of evidence in ruling on this motion.

At the November 15, 2023 oral argument, Weathered's counsel announced that he intended to file discovery motions related to Family Dollar's Federal Rule of Civil Procedure 30(b)(6) corporate representative's deposition taken on July 7, 2023 and to spoliation of evidence. Family Dollar's counsel protested that these motions, related to matters that Weathered's counsel had known and complained about for months, are coming too late. These motions still have not been filed, and the trial setting is fast approaching. The undersigned will separately address these motions if and when Weathered files them.

> d.  The Court should not consider Weathered's Exhibit E.

Family Dollar argues that the Court should not consider Weathered's Exhibit E because it is irrelevant to this motion. *See* Dkt. No. 54 at 2. Exhibit E is a demand to preserve evidence sent to Sedgwick from Weathered's counsel. *See* Dkt. No. 53-1 at 49. Because the Court should not consider spoliation of evidence in deciding this

motion, the Court should find that Weathered's Exhibit E is irrelevant and not competent summary judgment evidence.

## II. The Court should grant Family Dollar's motion for summary judgment.

Considering the evidence in the light most favorable to Weathered, there is not a genuine dispute of material fact as to whether Family Dollar had actual or constructive knowledge of the liquid.

While Weathered's complaint describes his cause of action as "Negligence/Premises Liability," the parties agree, and case law demonstrates, that premises liability is the proper claim rather than ordinary negligence. *See Gonzalez v. Home Deport USA, Inc.*, No. 3:21-cv-440-D, 2022 WL 1102862, at *2 (N.D. Tex. Oct. 3, 2018) (finding a plaintiff cannot bring both a negligence and premises liability claim and that premises liability is the proper cause of action for a slip-and-fall accident).

A successful premises liability claim must show "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." *Henklel v. Norman*, 41 S.W.3d 248, 251-52 (Tex. 2014).

A plaintiff can show knowledge by demonstrating that the defendant "placed the substance on the floor," the defendant "actually knew the substance was on the floor," or that "the condition existed long enough to give the premises owner a

reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814-15 (Tex. 2002).

The parties agree that there is no argument that Family Dollar placed the substance on the floor. And so the motion for summary judgment centers on whether Family Dollar "actually knew the substance was on the floor" or that "the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id.*

Weathered states that Family Dollar has provided inconsistent theories regarding the nature of the liquid, including that the area had been recently mopped, that the roof leaked, and that the Family Dollar had no knowledge of the puddle of water. *See* Dkt. No. 53 at 1-2.

At oral argument, Weathered's counsel clarified that his position is that the roof leak caused the liquid on the floor. In support of the argument that Family Dollar had actual knowledge of the leak, Weathered references evidence of the roof leak through the email from the claim adjuster and Weathered's testimony that two employees told him they had been cleaning up liquid in the area all day but it "just keeps coming back." Dkt. No. 53 at 1-2; Dkt. No. 53-1 at 14. In support of the argument Family Dollar had constructive knowledge, Weathered points to a lack of evidence about when employees last entered the aisle or were close to the aisle. *See* Dkt. No. 53 at 5.

Family Dollar argues that Weathered's contention that employees had previously cleaned up liquid is based only self-serving testimony. *See* Dkt. No. 54 at

3. Family Dollar argues that, even if Weathered's evidence is true, it does not demonstrate Family Dollar's knowledge of the actual liquid that Weathered fell in but, rather, only of liquid that was previously in the area. *See id.*

The fact that portions of Weathered's argument are based only on Weathered's self-serving testimony does not mean it cannot create an issue of fact. As the Fifth Circuit has explained,

> "[s]elf-serving" affidavits and depositions may create fact issues even if not supported by the rest of the record. Where self-interested affidavits are otherwise competent evidence, they may not be discounted just because they happen to be self-interested. Indeed, "[e]vidence proffered by one side to ... defeat a motion for summary judgment will inevitably appear 'self-serving.'" *Dall./Fort Worth Int'l Airport Bd. v. INet Airport Sys., Inc.*, 819 F.3d 245, 253 n.14 (5th Cir. 2016). But self-serving evidence may not be discounted on that basis alone. How much weight to credit self-interested evidence is a question of credibility, which judges may not evaluate at the summary judgment stage. *E.g.*, *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

*Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160-61 (5th Cir. 2021).

The Court should not discount Weathered's deposition evidence because it is self-serving.

But, even considering all evidence in the light most favorable to Weathered, Weathered has not provided evidence showing an issue of fact as to Family Dollar's actual or constructive knowledge.

Even assuming that there was a roof leak, the source of the liquid does not relieve Weathered of his burden to show a genuine dispute of fact as to Family Dollar's actual or constructive knowledge of the liquid. *See Benedetti v. Wal-Mart Stores Texas, L.L.C.*, 788 F. App'x 945, 948 (5th Cir. 2019) (finding defendant did not

have constructive knowledge when water plaintiff slipped on came from a leaky roof); *Coward v. H.E.B., Inc.*, No. 01-13-00773-CV, 2014 WL 3512800, at *4 (Tex. App. – Houston [1st Dist.] July 15, 2014, no pet.) (explaining that "knowledge of rain causing prior roof leaks is not equivalent to actual knowledge of a dangerous condition").

The undersigned agrees with Family Dollar that this summary judgment record does not establish that – or at least demonstrate that there is a genuine issue of material fact as to whether – Family Dollar had actual knowledge of the liquid that Weathered slipped on. In *Coward v. H.E.B., Inc.*, a plaintiff slipped on water from a roof leak. 2014 WL 3512800, at *4. The store manager confirmed that it was raining when plaintiff fell, that the store roof had leaked previously when it rained, and that the manager was looking for leaks when plaintiff fell. *See id.* Still, the court held that this evidence did not show actual knowledge of a leak in the aisle plaintiff slipped in. *See id.*

When courts have inferred actual knowledge from roof leaks, the evidence showed that defendant knew the roof was leaking and that the "evidence of the nature of the leaks and the amount of rain on the roof could make the presence of water on the floor a virtual certainty." *Reyes v. City of Laredo*, 335 S.W.3d 605, 609 (Tex. 2010) (referencing *City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 537 (Tex.1996)). Weathered provides no evidence that Family Dollar had any actual knowledge of a roof leak to show virtual certainty that the liquid on the aisle would occur.

And the fact of cleaning up previous liquid in the area, regardless of source, does not show actual knowledge sufficient to defeat summary judgment. "Awareness of a potential problem is not actual knowledge of an existing danger." *Id.*

Weathered also cannot show a genuine issue of material fact as to constructive knowledge. To establish constructive knowledge for premises liability,

> "there must be *some* proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." [*Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) (emphasis added).] "Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach [the Texas Supreme Court has] clearly rejected." *Id.* Moreover, "when circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." [*Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).] If circumstantial evidence "supports only the possibility that the dangerous condition existed long enough to give [the premises owner] a reasonable opportunity to discover it," the premises owner cannot be charged with constructive notice. *Id.*

*McCarty v. Hillstone Rest. Grp.*, Inc., 864 F.3d 354, 359–60 (5th Cir. 2017).

Constructive knowledge must be proved through the "time-notice rule." *Reece*, 81 S.W.3d at 816. Plaintiffs can use circumstantial evidence such as proximity of an employee to the condition, conspicuity of the condition, and longevity of the condition to show constructive knowledge. *See Pena v. Home Depot U.S.A.*, Inc., 32 F. Supp. 3d 792, 797 (S.D. Tex. 2013); *Moreno v. Wal-Mart Stores Texas, LLC*, 506 F. Supp. 3d 503, 508 (S.D. Tex. 2020).

Neither party has made an argument regarding employee proximity to the liquid.

Regarding conspicuity, Weathered's testimony states that the floor was so clean and waxed that he did not see the clear liquid prior to the fall. *See* Dkt. No. 46-1 at App. 12; *cf. Reece*, 81 S.W.3d at 816 (describing a "large puddle of dark liquid on a light floor" as likely conspicuous). This evidence only supports Family Dollar's position that it did not have constructive knowledge.

Regarding longevity, Weathered has not provided circumstantial evidence showing that the liquid on which he slipped was present long enough that an employee should have seen it. In describing the liquid, Weathered asserts there were three puddles of water and that the liquid covered more than two feet. *See* Dkt. No. 53 at 7; Dkt. No. 46-1 at App. 15. Despite the size, Weathered states that the water was undisturbed by foot marks, debris, or shopping cart traffic – factors courts routinely look to in determining longevity. *See* Dkt. No. 46-1 at App. 14; *Peterson v. Brookshire Grocery Co.*, 751 F. App'x 533, 536 (5th Cir. 2018) (finding that a lack of grocery cart tracks, footprints, dirt, debris, or any other unique characteristics of the spill did not demonstrate the spill had been present long). And Weathered provides no evidence to raise an issue of fact that the liquid was in the aisle for a long enough time to infer constructive knowledge.

Because Weathered has not submitted any evidence to show constructive knowledge, Weathered's claim cannot survive summary judgment.

In support of his claim, Weathered also argues that Family Dollar has provided contradictory information regarding the nature of the liquid and that this should be a factor in determining summary judgment. The undersigned agrees with Family

Dollar that this is not evidence of an essential element of Weathered's claim, and so this evidence is irrelevant. *See* Dkt. No. 54 at 6.

Because Weathered has not shown there is a genuine issue of material fact that Family Dollar had actual or constructive knowledge of the liquid, the Court should grant summary judgment on Weathered's premises liability claim.

### Conclusion

The Court should grant Defendant Family Dollar Stores of Texas, LLC's Motion for Summary Judgment [Dkt. No. 45] and dismiss Plaintiff Robert Lee Weathered's claim for premises liability with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 27, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE