IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT LEE WEATHERED, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-2409-K-BN |
| FAMILY DOLLAR STORES OF TEXAS LLC, | § § § § | |
| Defendant. | § § | |

# **MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE**

## **Background**

Under the Court's November 10, 2022 Scheduling Order, "[b]y July 7, 2023 all discovery, including discovery concerning expert witnesses, shall be completed," and "[a]ll motions that would dispose of all or any part of this case (including all motions for summary judgment), shall be filed by August 7, 2023"; and "[t]his case is set for JURY trial on the Court's three-week docket beginning January 16, 2024." Dkt. No. 7 at 2, 3.

On August 7, 2023 (the deadline for filing a dispositive motion), Defendant Family Dollar Stores of Texas LLC filed a motion for summary judgment. *See* Dkt. No. 45.

As a supplement to the Court's Initial Scheduling Order [Dkt. No. 7], under Federal Rule of Civil Procedure 16(b), the Court entered a Supplemental Scheduling Order on summary judgment providing that Plaintiff Robert Lee Weathered must file a written response to the motion by September 6, 2023; that a motion for continuance

-1-

under Federal Rule of Civil Procedure 56(d) must be filed separately and may not be included in the response to the motion for summary judgment, brief in support thereof, or any other document; and that Defendant Family Dollar Stores of Texas LLC may file a reply brief, but no additional evidence, by September 21, 2023. *See* Dkt. No. 48.

Briefing on the summary motion closed on September 21, 2023 with Family Dollar's reply. *See* Dkt. No. 54. That same day, Family Dollar filed a request for oral argument, which the Court granted and set for October 12, 2023 but then reset for November 15, 2023 on the parties' joint motion for continuance. *See* Dkt. Nos. 55-60.

At the November 15, 2023 oral argument, Weathered's counsel announced that he intended to file discovery motions related to Family Dollar's Federal Rule of Civil Procedure 30(b)(6) corporate representative Jacqueline Mercedes Bassett's deposition taken on July 5, 2023 and for sanctions related to spoliation of evidence. Family Dollar's counsel protested that these motions, related to matters that Weathered's counsel had known and complained about for months, are coming too late.

The undersigned then, on November 27, 2023, entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge, recommending that the Court should grant Family motion for summary judgment [Dkt. No. 45]. *See* Dkt. No. 64. The undersigned also explained that, "[a]t the November 15, 2023 oral argument, Weathered's counsel announced that he intended to file discovery motions related to Family Dollar's Federal Rule of Civil Procedure 30(b)(6) corporate representative's deposition taken on July 7, 2023 [but actually on July 5, 2023] and to spoliation of

evidence"; that "Family Dollar's counsel protested that these motions, related to matters that Weathered's counsel had known and complained about for months, are coming too late"; that "[t]hese motions still have not been filed, and the trial setting is fast approaching"; and that "[t]he undersigned will separately address these motions if and when Weathered files them." *Id.* at 13.

On December 11, 2023, Weathered filed a Motion for Leave to File a Motion to Compel and for Sanctions against Family Dollar, *see* Dkt. No. 67, explaining that he "seeks leave of court to file a Motion to Compel and for Sanctions against Defendant in connection with corporate representative testimony and spoliated evidence concerning photographs and video footage," *id.* at 1 (footnote omitted).

Weathered's Motion for Leave reports that, "[p]rior to the instant motion, Plaintiff made countless efforts to confer with Defendant's counsel and submit a Joint Report pursuant to the Standing Order on Discovery and Non-Dispositive Motions [Doc. 22]"; that "[c]ounsel for Plaintiff engaged in several attempts to confer with Defendant's counsel within three days of requesting a conference regarding the issues at hand, in accordance with the Standing Order on Discovery and Non-Dispositive Motions"; and that "[t]he parties finally conferred on the afternoon of September 1, 2023, after which the clock to prepare a joint report began to tick"; that, "[h]owever, counsel for Plaintiff was then unexpectedly placed on parental leave due to pregnancy complications with his spouse and the early birth of counsel's child"; that "[u]ndersigned counsel ultimately shared drafts of the motion and joint report with Defendant's counsel on November 14 and 16, 2023"; and that, "[a]s of now, Defendant

has not provided its stance as to the joint report and merely stated that it disagrees with the positions asserted by Plaintiff." Dkt. No. 67 at 1-2 (footnotes omitted).

According to Weathered,

> this behavior by Defendant is just the latest example of dilatory tactics and bad faith discovery.
> An example of Defendant's dilatory and bad faith tactics is that on November 22, 2023 – well after the close of discovery period – Defendant for the first time disclosed two colored photographs concerning this case. Despite repeated requests for clarification as to the reason such photographs were not timely produced, Defendant's counsel has failed to address the issue. Previously, Defendant provided Plaintiff crucial evidence concerning Defendant's employees after close of the briefing period regarding another discovery motion [Doc. 25, 26, and 27]. In fact, to date Defendant also has not verified its discovery responses as required by Fed. R. Civ. P. 33(b)(5).
> This behavior by Defendant highlights its persistent, obstructive discovery tactics and underscores the importance of addressing discovery concerns prior to any dispositive ruling in the instant matter.
> ….
> Plaintiff maintains that leave of court to submit a reply is necessary in light of the procedural posture of the case and dilatory tactics employed by Defendant, such as failure to address the joint report and late production of colored photographs.

Dkt. No. 67 at 2 (cleaned up).

That same day, Weathered filed a Motion for Reconsideration and Objections to Findings, Conclusions, and Recommendation of the United States Magistrate Judge and explained that,

> [b]efore ruling on Defendant's motion for summary judgment, it is vital that the Court address Plaintiff's Motion for Leave to File a Motion to Compel and for Sanctions to prevent manifest injustice based on dilatory and bad faith discovery tactics employed by Defendant. *See* Dkt. 67 and 68. Such tactics are self-evident by the fact that Defendant for the first time produced two colored photographs on November 22, 2023, long after the close of discovery and oral arguments on the motion for summary judgment. *See* Dkt. 67 at 2 and Dkt 68 at 5-7. As of this motion, Defendant has failed to provide other crucial photographic and video

> evidence that inter alia showed the water spill and movement within the aisle where Plaintiff fell. The claim file notes maintained by Sedgwick clearly reference photographic evidence that showed the water spill and documented it to be "not overly obvious in the photos." *See* Dkt. 53-1 at 44. Such photos, which would address the conspicuity of the substance, have never been produced to Plaintiff. Further, the absent video evidence is vital for understanding the movement of Plaintiff, the veracity of Defendant's assertions such as that the area had been mopped shortly before Plaintiff's fall, actions of Defendant's employees before and after the incident, and movement of other store visitors. All these details would inform the parties' claims and defenses concerning actual or constructive knowledge of the substance, length of time the substance was present on the floor, and conspicuity of that substance. *See* Dkt. 53-1 at 38, 40, 45, and 46. Sedgwick notes show that the incident is not on video, but other aspects of the aisle were sufficiently covered to allow Defendant's employees to presumably conclude that other persons walked through the aisle without falling, that Plaintiff supposedly saw the water before his fall, that the top of Plaintiff's head can be seen moving through the aisle. *Id.* (emphasis added). Defendant's failure to preserve and disclose such evidence prejudices Plaintiff's prosecution of the instant case and places the Defendant at an unfair advantage because it relates to the "time-notice rule" cited in the Magistrate Judge's recommendation. *See* Dkt. 64 at 18. To that end, Plaintiff objects to the Magistrate Judge's conclusions concerning spoliation of evidence and asks the Court to reconsider its position. *See* Dt. 64 at 12.

Dkt. No. 69 at 1-2.

## Legal Standards and Analysis

The Court finds that Weathered's Motion to Compel and for Sanctions comes too late and denies the Motion for Leave for that reason.

Weathered's references to Federal Rule of Civil Procedure 15(a)(2) and leave to submit a reply do not properly to his request for leave. *See* Dkt. No. 67 at 2-3.

Rather, as the Court has explained in another case,

"[n]either the Local Rules of this district nor Rule 37 of the Federal Rules of Civil Procedure, which governs motion to compel discovery, provide a deadline for the filing of [motions to compel discovery]." *Garcia v. City*

-5-

*of Amarillo, Texas*, No. 2:18-cv-95-Z-BR, 2019 WL 11250160, at *2 (N.D. Tex. Sept. 26, 2019) (citing FED. R. CIV. P. 37). But, under Federal Rule of Civil Procedure 16(b), courts can issue scheduling orders limiting the time for, among other things, completing discovery. *See id.* Here, at the parties' request, the Court issued an amended scheduling order and set the discovery deadline on February 26, 2021 – a month before Home Depot filed its present request. *See* Dkt. No. 24.

When "determining whether a motion to compel filed after the discovery deadline is untimely ... or should be permitted," courts consider "a number of factors ... including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule." *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006).

Here, almost every factor weighs against finding Home Depot's motion to compel timely. Home Depot filed the motion a month after the discovery deadline, despite knowing for almost a year that the photos lacked meta data. *See id.* at 399 (denying motion to compel filed two weeks after discovery deadline and nine and a half months after documents were produced). The discovery deadline was already extended by six months at the request of the parties. And Home Depot filed its motion to compel after its motion for summary judgment was fully briefed, *see Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) ("Absent unusual circumstances, [a motion to compel] should be filed before the scheduled date for dispositive motions."), and just two months before the trial was set to begin, *see Buttler v. Benson*, 193 F.R.D. 664, 665-66 (D. Colo. 2000) (denying motion to compel filed three months before trial).

Home Depot's explanation for why it filed its motion after the deadline does not overcome those factors. Home Depot contends that the question of who took the photos first became an issue on February 4, 2021, when Ballou – who Shuweb had identified as the person who took the photos – testified that he did not take any photos of the tent. *See* Dkt. No. 42 at 2. Home Depot asserts that it then requested Shuweb produce the original photos with the meta data on February 8, 2021, and again on March 16, 2021, but Shuweb failed to respond. *See id.* at 2-3. But this does not explain Home Depot's almost year-long delay. Had Home Depot immediately moved to compel after receiving the photos, it could have learned the information it now seeks before the depositions of Shuweb and Ballou, giving it an opportunity to ask questions about the origin of the photos well before the discovery deadline and trial. "[I]f

-6-

> the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril." *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001).

*Shuweb v. Home Depot U.S.A., Inc.*, No. 3:19-cv-3019-BN, 2021 WL 1662479, at *2 (N.D. Tex. Apr. 28, 2021); *see also McCollum v. Puckett Mach. Co.*, 628 F. App'x 225, 228 (5th Cir. 2015) ("Even if we were to accept McCollum's contention that the discovery he sought by means of his motion to compel might have enabled him to survive summary judgment, our precedent suggests that a district court is within its discretion to deny a motion to compel filed on or after the court-ordered discovery deadline – regardless of the requested discovery's value to the party's case." (footnoted omitted)).

And courts have held that, although Federal Rule of Civil Procedure "37 does not impose a specific time limit for filing motions for sanctions," "an unreasonable delay may render a motion for sanctions under Rule 37 untimely." *Citgo Petroleum Corp. v. Odfjell Seachem*, No. CIV.A. H-07-2950, 2013 WL 2289951, at *11 (S.D. Tex. May 23, 2013).

Weathered seeks leave to file his Motion to Compel and for Sanctions over five months after the discovery deadline, over four months after the dispositive motions deadline, and over two months after briefing closed on the summary judgment motion; and just over one month before the case is set for a jury trial.

That Weathered reports he has been waiting for Family Dollar's counsel to respond for the required joint report does not change the analysis. *See generally* Dkt. No. 22 at 16-17 ("Parties or counsel cannot block another party from filing a non-

dispositive motion by refusing or failing to make themselves available for a pre-motion conference on request or by failing to cooperate in the joint report's preparation or failing to sign the joint report or provide for signature by permission. After a reasonable effort, a party may file a non-dispositive motion with a joint report that includes whatever is available to the filing party and an explanation of the filing party's efforts to obtain the cooperation and input of the party or parties affected by the discovery-related or other non-dispositive motion."). Weathered's counsel acknowledges that he shared drafts of the motion and joint report with Family Dollar's counsel on November 14 and 16, 2023 – still several months after the discovery deadline and the dispositive motions deadline and two months before the case is set for a jury trial. And Weathered acknowledges that he has known about the discovery matters that he now complains of for months, including since the July 5, 2023 corporate representative deposition of Jacqueline Mercedes Bassett.

With the summary judgment motion briefed and the undersigned's recommendation entered 14 days before Weathered filed his Motion for Leave, considering these motions now and possibly allowing additional discovery – in effect, reopening discovery – would disrupt the case's schedule and prejudice Family Dollar.

And Weathered's explanation for why he filed these motions at this late date does not overcome those factors, where the deposition at issue occurred on July 5, 2023 and Weathered's counsel conferred with Family Dollar's counsel on September 1, 2023.

And, even if the Court were to liberally construe the Motion for Leave or the would-be Motion to Compel and for Sanctions as a late-filed Rule 56(d) motion to defer or deny the pending summary judgment motion, the Motion for Leave should be denied.

As the presiding judge in this matter explained in another case,

> Federal Rule of Civil Procedure 56(d) provides that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). This rule is intended to protect parties from premature summary judgment motions. In seeking such relief, the nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts. The nonmovant must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. The district court has discretion in deciding whether to grant this relief.
> 
> Plaintiff did not file an affidavit or declaration as required by Rule 56(d) in seeking this relief. ….
> 
> Plaintiff does not satisfy his burden in seeking relief under Rule 56(d). Plaintiff fails to meet the threshold requirement of Rule 56(d) that he "shows by affidavit or declaration that, for specified reasons" he cannot present facts essential to his opposition of the Motion. FED. R. CIV. P. 56(d) (emphasis added). Additionally, Plaintiff's vague assertions of additional discovery that Defendant Armstrong may disclose are wholly insufficient. For those reasons alone, the Court denies Plaintiff's requested relief.
> 
> Even if the Court were to look past those glaring deficiencies, the Court would nevertheless deny relief under Rule 56(d) for other reasons. The Fifth Circuit recently emphasized that "[a] party who fails to pursue discovery with diligence is not entitled to Rule 56(d) relief[.]" *Lillie v. Off. of Fin. Insts. of State of La.*, 997 F.3d 577, 586 (5th Cir. 2021) (collecting cases). Although this case has been pending almost 2 years and the Court's Scheduling Order entered almost 1 year ago, it appears Plaintiff has not pursued discovery until this Motion was filed. Even though he infers Defendant Armstrong was not disclosing evidence, Plaintiff never sought the Court's intervention with any discovery-

> related issues. *See, e.g.*, Pl.'s Am. Mot. at 1; *cf. Lillie*, 997 F.3d at 587 (even if a party is "stonewalling" discovery efforts, "the Federal Rules of Civil Procedure place the onus on the discovery-seeker to invoke the judicial process."). On this record, the Court finds that Plaintiff failed to diligently pursue discovery.
>
> Finally, Rule 56(d) is intended to protect parties from premature summary judgment motions. Defendant Armstrong filed this Motion for Summary Judgment on February 24, 2022, approximately one month before the dispositive motion deadline of March 30, 2022. Scheduling Order (Doc. No. 38). This Motion certainly cannot be considered premature thereby necessitating this relief.

*Gonzales v. Hunt Cnty. Sheriff's Dep't*, No. 3:20-cv-3279-K, 2022 WL 2345752, at *3-*5 (N.D. Tex. June 29, 2022) (cleaned up); *accord Staten v. City of Dallas*, No. 3:19-cv-843-L-BN, 2021 WL 3556671, at *7 (N.D. Tex. July 21, 2021) ("Further, Rule 56(d) requires a party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment to present an affidavit or declaration. This affidavit or declaration must state with some precision the materials the party opposing summary judgment hopes to obtain with further discovery, and exactly how he expects those materials will assist him in opposing summary judgment." (cleaned up)), *rep. & rec. adopted*, 2021 WL 3550586 (N.D. Tex. Aug. 11, 2021).

Similarly, here, Weathered has not filed the required affidavit or declaration; did not seek the Court's intervention earlier on these discovery matters, although discovery closed on July 7, 2023; did not file a proper Rule 56(d) in response to the summary judgment motion (which was filed on the dispositive motion deadline) at the time that Weathered's summary judgment response was due under the Court's Supplemental Scheduling Order (which itself addressed possible Rule 56(d) motions); instead filed a response to the summary judgment without addressing Rule 56(d);

-10-

and has not set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. *See* Dkt. Nos. 67 & 68.

Construed as a Rule 56(d) motion, the Court denies the Motion for Leave.

Even when looking at the substance of the Motion to Compel and for Sanctions that Weathered seeks to file, *see* Dkt. No. 67, the requests for relief that Weathered seeks to press do not weigh in favor of granting leave to file at this late date.

Weathered's would-be Motion to Compel and for Sanctions is "based on upon Defendant's corporate representative's failure to adequately testify regarding topics identified in a properly noticed Fed. R. Civ. P. 30(b)(6) deposition, along with unsubstantiated and bad faith discovery responses and spoliation of evidence." Dkt. No. 68 at 5 of 151.

Weathered contends that, "[d]uring the course of the deposition [on July 5, 2023], … it became evident that Defendant's corporate representative was either unqualified or unprepared to testify on these matters"; that, "[f]urther, the corporate representative's testimony made clear that written discovery responses served by Defendant were made without supporting information, demonstrating that such responses were served in bad faith"; and that, "[b]ased on the inadequate testimony and discovery tactics employed by Defendant, Plaintiff asks this Court to compel Defendant to produce another corporate representative and sanction Defendant's misconduct." Dkt. No. 68 at 5-6 of 151.

But Weathered took this deposition more than five months ago and two days before the deadline to complete discovery, at which time his counsel could (and apparently did) assess the adequacy of the testimony and the deponent's preparation.

And Weathered's would-be Motion to Compel and for Sanctions provides no explanation for the nature and basis under the Federal Rules (or otherwise) for any relief that he seeks as to Family Dollar's allegedly baseless, unsubstantiated, and bad faith discovery responses. *See* Dkt. No. 68 at 5-15 of 151.

Weathered's would-be Motion to Compel and for Sanctions also "asserts that Defendant spoliated critical video and photographic evidence in this case, which merits a spoliation inference at trial" and that "[s]uch evidence relates directly to crucial elements of Plaintiff's claim, including actual or constructive knowledge, conspicuity, and length of time." Dkt. No. 68 at 6 of 151. According to Weathered,

> [t]he notes maintained by Sedgwick suggest that the video footage from the store showed Plaintiff entering the premises, walking around the store with his child, and at least the top of Plaintiff's head could be seen as he walked through the aisle where he fell. Further, Defendant failed to preserve the photographic evidence in its original format. Notes maintained by Sedgwick confirm that Defendant's employees took potentially several photos of the area and shared it with Sedgwick, but none of those photos have been provided to Plaintiff in the native format. During the deposition, Ms. Bassett testified that she did not know what happened to the original photo or could not identify the photographer for the sole photo produced in Defendant's discovery responses. Defendant failed to preserve crucial video and photographic evidence in this matter.
> ….
> In regard to video and photographic evidence, Plaintiff contends that Defendant spoliated critical evidence that Plaintiff is entitled to a spoliation inference. Spoliation comprises of "destruction or material alteration of evidence or… the failure to preserve property for another's use as evidence in pending or reasonable foreseeable litigation." *Ashton v. Knight Transp., Inc.*, 772 F.Supp.2d 772, 799 (N.D. Tex. 2011).

> Allegations of sanction-worthy spoliation are considered in light of a duty to preserve information, a culpable breach of that duty, and resulting prejudice to the innocent party. *Id.* at 800. This is a fact-intensive analysis requiring the court to determine inter alia a party's compliance with its preservation duty, degree of culpability involved, relevance of the lost evidence, and the prejudice to the party deprived of the evidence. *T&E Inv. Group, LLC v. Faulkner*, No. 11-CV-0724-P, 2014 WL 550596 (N.D. Tex. 2014). In evaluating a motion of sanctions, the court may consider facts and circumstances pertinent to those issues beyond the motion itself. *Id.* at 5. As Plaintiff has established in other filings, Defendant has engaged in evasive, shifting arguments regarding the liquid substance, source of that substance, and Defendant's knowledge of the substance. On one hand Defendant's investigator revealed that the water came from a roof leak whereas Defendant's stance now appears to be that it has no information as to the source of the water. Similarly, Defendant's interrogatory responses claim that Plaintiff slipped because he disregarded wet floor signs in an area that had been mopped but Defendant has now ditched that theory and shifted to a position that Plaintiff slipped on a puddle of water. Further, Defendant's interrogatory responses claim that the area where Plaintiff slipped had been mopped shortly before the incident, indicating that at least one of its employees was in the aisle soon beforehand, but now Defendant argues it has no knowledge as to the last time one of its employees entered that aisle. Such flip-flopping assertions, combined with destroyed video and photographic evidence in the face of a clear obligation to preserve evidence, demonstrates Defendant's culpable state of mind and Plaintiff's entitlement to a spoliation inference at trial.

Dkt. No. 68 at 13, 14-15 of 151.

But, insofar as the materials that Weathered alleges that Family Dollar failed to preserve were electronically stored information, Federal Rule of Civil Procedure 37(e) would govern and require "a finding that [Family Dollar] acted with the intent to deprive [Weathered] of the information's use in the litigation" before the Court could impose as a sanction any "jury instructions that permit or require the jury to presume or infer that lost information was unfavorable to the party that lost it" or "that directs or permits the jury to infer from the loss of information that it was in

fact unfavorable to the party that lost it." *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No. 3:19-cv-2025-K-BN, 2023 WL 2699511, at *8, *10 (N.D. Tex. Feb. 15, 2023) (cleaned up).

And, insofar as the allegedly spoliated materials were not electronically stored information, "for many years, decisions of the United States Court of Appeals for the Fifth Circuit have held that courts may impose such an adverse inference against the spoliator or sanctions against the spoliator only upon a showing of 'bad faith' or 'bad conduct'" – where "[b]ad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence," and "[m]ere negligence is not enough to warrant an instruction on spoliation." *Id.* at *11, *12 (cleaned up).

But Weathered does not assert that he can present facts to show that Family Dollar intended to deprive him of any video's or photo's use in this case.

## Conclusion

The Court DENIES Plaintiff Robert Lee Weathered's Motion for Leave to File a Motion to Compel and for Sanctions [Dkt. No. 67].

SO ORDERED.

DATED: December 12, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE